### In re PATTERSON'S WILL.

(*Surrogate's Court, New York County.* November, 1889.)

PROBATE OF WILLS—STAY OF PROCEEDINGS.

The fact that the executors of a probated will have instituted proceedings in the supreme court to have a subsequent will declared invalid, and the one under which they are acting declared the lawful and only will, of their testator, does not authorize the surrogate's court to stay proceedings for the probate of the subsequent will, as Code Civil Proc. N. Y. § 2622, requires the surrogate, on the presentation of a will for probate, to satisfy himself of "the genuineness of the will and the validity of its execution," and, if thus satisfied, to admit it to probate.

Daniel Paxton and John B. Hanchett, as executors, etc., of John Patterson, procured the probate of a will of the deceased, dated April 18, 1888. G. W. Patterson, who had accepted a legacy under this will, subsequently instituted proceedings for the probate of another will, dated April 19, 1888, and for the revocation of the probate of the former will. The executors then instituted an action in the supreme court to have the will under which they had qualified declared testator's "true, lawful, and only will;" and moved the surrogate for a stay of the proceedings instituted by G. W. Patterson pending the action in the supreme court.

*Henry Hoyt,* for proponent. *Booraen, Hamilton & Beckett,* for contestants.

RANSOM, S. Whether the petitioner for the probate of the paper of April 19, 1888, is precluded by his own acts from taking any benefits thereunder need not now be determined. Whether the supreme court has jurisdiction of the action now pending therein, brought to have the will of April 18, 1888, declared the "true, lawful, and only will and testament" of decedent, it is not necessary for me to decide. The suggestion I make for the consideration of counsel, that the surrogate's court has exclusive jurisdiction to grant or deny probate of wills, need not be regarded by me at this time. I have not been furnished with the complaint in the action in the supreme court, but no doubt the cause of action in this suit is substantially set forth in the affidavit upon which the order to show cause herein was granted. It would seem to be the object and purpose of that action to have the paper of April 19, 1888, declared to be invalid as a will, and the paper of April 18, 1888, which has already been admitted to probate as the last will and testament of the decedent, declared to be his "true, lawful, and only will and testament." The paper of April 19, 1888, is in form a valid will. Proceedings have been duly commenced to procure its admission to probate which are now sought to be stayed by the executors (contestants) of the will of April 18, 1888, pending the determination of the action in the supreme court. Whether, in the exercise of

:sound discretion, I should grant the stay, is the only question to be decided at this time.  If the answer to that question depended upon the facts disclosed .as to the conduct of the petitioner for the probate of the paper of April 19, 1888, I should not hesitate to grant it; but the rights of others interested in :this estate must be regarded.  The paper now offered for probate having been filed with the surrogate, and proceedings commenced therefor, neither discontinuance thereof nor a stay can be granted at the instance of any one of the parties in interest.  It is the duty of the surrogate to proceed in the matter independently.  Section 2622, Code Civil Proc., provides that he shall "inquire particularly into all the facts and circumstances, and must be satisfied with the genuineness of the will and the validity of its execution;" and, if thus satisfied, it is his duty to admit it to probate.  The rights of persons inter- -ested thereunder are usually for subsequent consideration.  I have therefore .determined that this motion must be denied.